THOMAS D. TAYLOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 18917, 32677.   Promulgated October 29, 1929.

*Albert Smith Faught, Esq.*, for the petitioner.
*B. M. Coon, Esq.*, for the respondent.

OPINION.

MARQUETTE: It is the contention of the petitioner that the " Taylor Plan " was of the value of at least $500,000 on March 1, 1913, and that he is entitled to recover that value through deductions from income ratably over the period March 1, 1913, to July 7, 1926, when the copyright expired. In making his returns for the years involved herein he took the position that the value of the plan had not appreciated more than 5 per cent to 10 per cent since March 1, 1913, but he says that in order to be fair with the Government he assumed that it appreciated 20 per cent in value, and that he therefore treated 20 per cent of the amounts he received from the sale of the plan as income and considered the remainder as a return of capital. The respondent determined that there was no capital value on March 1, 1913, to be recovered, and that the proceeds from the sale of the plan were income in their entirety.

It is doubtful, to say the least, whether the petitioner has or had on March 1, 1913, an exhaustible asset in the copyrighted plan in question. We know nothing about it and the petitioner refused to divulge its detail. Whether the petitioner was protected by the copyright in the use of the plan or only in the name " Taylor Plan," we know not. However, passing that question and assuming for the moment that the " Taylor Plan " was an exhaustible asset, we are unable to find any basis for holding that it had any value on March 1, 1913, except a speculative or potential value.

The petitioner evidently arrives at his value by assuming that there were in 1913 a certain number of cities and towns in the United States in which newspapers were published, and that one sale of the plan could be made in each of said newspaper fields. However, few

sales had been made prior to March 1, 1913, and no sale was made between that date and the year 1920. Judging by the few sales made prior to 1913, the plan had little, if any value, separate and apart from Taylor's ability as a salesman, and the sales made in and subsequent to 1920, in so far as they are disclosed by the evidence, would not warrant the value placed upon the plan by the petitioner, even if such sales were competent to prove value in 1913. The petitioner no doubt had high hopes and expectations for his plan and considered it of great potential value, but his testimony, together with the other evidence in the case, fails to convince us that it had in fact any substantial cash or fair market value on March 1, 1913. On this point we sustain the determination of the respondent.

The next question involves the proper treatment of the $80,000 that the petitioner received in 1924 in settlement of his contract with the Journal Printing Co. The petitioner takes the position that the payment in question should be accrued on his books and reported as income at the rate of $300 per week beginning May 28, 1921, and ending July 8, 1926, while the respondent contends that the entire amount was income to the petitioner in 1924. In our opinion, neither the petitioner nor the respondent is wholly correct. The petitioner's books were kept and his returns of income made on the accrual basis, and he therefore properly accrued in the years 1921, 1922, and 1923, the amounts due under the contract in those years, namely, $9,500, $15,600, and $15,600, respectively, even though the Journal Printing Co. had failed to make any payments. However, in 1924 a settlement was made, whereby the petitioner accepted $80,000 in full settlement of the amounts that were already due him and of all amounts that might thereafter become due. It is our opinion that the amount received in such settlement, to the extent that it exceeded the amounts which had theretofore accrued and become due and payable under the contract in the years 1921, 1922, and 1923, was income to the petitioner in and for the year 1924.

The respondent admits that the petitioner paid additional taxes in the amounts of $101 for 1921, $410.16 for 1922, and $1,478.42 for 1923. Credit will be given for these amounts in the final order herein.

It is alleged in the petition that the petitioner's tax liability for the year 1925 is in controversy. However, the deficiency letter shows that the Commissioner determined an overassessment for that year. It does not appear that the overassessment is due to the disallowance either in whole or in part of a claim for abatement of tax assessed against the petitioner, and we therefore have no jurisdiction as to that year. *Cornelius Cotton Mills*, 4 B. T. A. 255.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*